# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# (HAMMOND)

| | |
|---|---|
| MB Financial Bank, N.A., | ) |
| | ) Appeal from United States Bankruptcy |
| Appellant, | ) Court for the Northern District of Indiana, |
| | ) Bankr. Case No. 13-20284 |
| v. | ) |
| | ) |
| T-L Village Green LLC, | ) Case No. 2:14-cv-00410-WCL |
| | ) Hon. William C. Lee |
| Appellee. | ) |

## BRIEF OF APPELLANT MB FINANCIAL BANK, NATIONAL ASSOCIATION

Ronald Barliant, Esq.
Prisca M. Kim, Esq.
GOLDBERG KOHN LTD.
55 East Monroe Street, Suite 3300
Chicago, Illinois  60603
Telephone:  (312) 201-4000
Facsimile:  (312) 332-2196
ronald.barliant@goldbergkohn.com
prisca.kim@goldbergkohn.com
*Counsel for Appellant*

## TABLE OF CONTENTS

.
TABLE OF AUTHORITIES ..................................................................................................... i

STATEMENT OF THE BASIS OF APPELLATE JURISDICTION ......................................... 1

STATEMENT OF ISSUES PRESENTED .................................................................................. 1

APPLICABLE STANDARD OF REVIEW ................................................................................ 2

STATEMENT OF THE CASE ..................................................................................................... 2

SUMMARY OF ARGUMENT .................................................................................................... 4

ARGUMENT ................................................................................................................................ 5

I.   The plan of reorganization that the Debtor filed before the § 362(d)(3) Deadline
     did not have reasonable possibility of being confirmed within a reasonable time. .............. 5

II.  The Bankruptcy Court's decision defeats the Congressional purpose for enacting §
     362(d)(3). ............................................................................................................................. 8

CONCLUSION ............................................................................................................................. 9

# TABLE OF AUTHORITIES

**Cases**

*Creek v. Vill. of Westhaven*, 144 F.3d 441 (7th Cir. 1998) ........................................................ 5

*In re River East Plaza, LLC*, 669 F.3d 826 (7th Cir. 2012) ................................................... 8, 9

*Matter of UNR Indus., Inc.*, 986 F.2d 207 (7th Cir. 1993) ........................................................ 2

*Matter of Yonikus*, 996 F.2d 866 (7th Cir. 1993) ..................................................................... 2

*Minch v. City of Chicago,* 486 F.3d 294 (7th Cir. 2007) ........................................................... 6

*NationsBank, N.A. v. LDN Corp. (In re LDN Corp.)*, 191 B.R. 320 (Bankr. E.D.Va. 1996) ................................................................................................................................... 8

**Statutes**

11 U.S.C. § 101(51B) ................................................................................................................. 2

11 U.S.C. §362(d)(3) .......................................................................................................... passim

28 U.S.C. § 1334(b) ................................................................................................................... 1

28 U.S.C. §§ 158(a)(1) .............................................................................................................. 1

**STATEMENT OF THE BASIS OF APPELLATE JURISDICTION**

This appeal is by MB Financing Bank, N.A., as successor by merger with Cole Taylor Bank ("MB"), from the Memorandum of Decision on Motion for Relief From the Automatic Stay (the "Order") and related judgment entered by the United States Bankruptcy Court for the Northern District of Indiana ("Bankruptcy Court") on August 27, 2014 denying MB's motion for relief from the automatic stay.  (Record on Appeal, ECF No. 1, pp. 270-291.) The Order is a final order.  The United States District Court for the Northern District of Indiana has jurisdiction to hear and decide this appeal under 28 U.S.C. §§ 158(a)(1) and 1334(b).

**STATEMENT OF ISSUES PRESENTED**

Section 362(d)(3) of title 11 of the United States Code (the "Bankruptcy Code") mandates that the automatic stay be terminated in a single asset real estate case, such as this one, unless, within 90 days after the commencement of the case (or such later date that the court may determine for cause by order, the "§ 362(d)(3) Deadline"), the debtor has either (a) filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time or (b) commenced making mortgage interest payments. 11 U.S.C. § 362(d)(3)[1].  The only issue presented by this appeal concerns the application of § 362(d)(3) to the uncontested facts of this case. That issue is:

> Whether the Bankruptcy Court erred by denying a mortgage creditor's motion to terminate the automatic stay when (a) that court had earlier denied confirmation of the plan of reorganization that T-L Village Green LLC (the "Debtor") filed before the § 362(d)(3) Deadline and found that it might take years for the Debtor's appeal of that denial to be decided, (b) the Debtor dismissed its appeal and filed a

---

[1] As required by Rule 8010(g) of the Federal Rules of Bankruptcy Procedure, the relevant sections of the Code, the Bankruptcy Rules and the Federal Rules are reproduced in full at Addendum A attached hereto.

6279134                                                                                                                                                                 4698.023

second plan after the § 362(d)(3) Deadline, and (c) the Debtor has never made the interest payments due on the mortgage after the § 362(d)(3) Deadline.

## APPLICABLE STANDARD OF REVIEW

The only issue presented on appeal is whether the Bankruptcy Court, on facts that are not contested, was required to grant MB, the Debtor's prepetition senior secured lender, relief from the automatic stay under § 362(d)(3) of the Bankruptcy Code. Because there are no disputed issues of fact, this is solely a question of law, which is subject to this Court's *de novo* review. *Matter of Yonikus*, 996 F.2d 866, 868 (7th Cir. 1993) ("Both district and appellate courts review a bankruptcy court's factual findings for clear error and its legal conclusions *de novo*.")(*citing Matter of UNR Indus., Inc.*, 986 F.2d 207, 208 (7th Cir. 1993)).

## STATEMENT OF THE CASE

On February 1, 2013 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor is a so-called "single purpose entity" that owns and operates a 66,000 square foot "strip" shopping center in Park Ridge, Illinois. (Record on Appeal, ECF No. 1, pp. 399-400.) The Debtor has acknowledged that the Debtor's property constitutes "single asset real estate," as that term is defined in § 101(51B) of the Bankruptcy Code. (*Id.*, p. 401.) On April 29, 2013, the Debtor and MB entered into an Agreed Order Extending Section 362(d)(3) Deadlines (Bankr. ECF No. 80) whereby the parties agreed to extend the § 362(d)(3) Deadline for the Debtor to file its plan of reorganization for purposes of §362(d)(3) to June 14, 2013, provided that that the Debtor make monthly payments during the extended period. The Debtor has not made any of the monthly payments required by the §362(d)(3) after the § 362(d)(3) Deadline.

On June 12, 2013, the Debtor filed its Joint Plan of Reorganization (Record on Appeal, ECF No. 1, pp. 42-72) (the "First Plan") and the Joint Disclosure Statement (*id.*, pp. 73-

USDC IN/ND case 2:14-cv-00410-JVB   document 9   filed 11/24/14   page 6 of 14

173) (the "First Disclosure Statement") with respect to the estates of the Debtor and four other affiliated debtor entities.  MB filed its Limited Objection to Disclosure Statement (*id.*, pp. 174-190) (the "Objection") on July 26, 2013, arguing that the First Plan could not be confirmed because it contemplated a "deemed consolidation" and was "unconfirmable on its face."  (*Id.*, p. 176.)

MB filed a Motion for Relief from the Automatic Stay on August 9, 2013 (*id.*, pp. 191-205) (the "Initial Stay Relief Motion") requesting that the Bankruptcy Court grant relief from the automatic stay because the First Plan did not have a reasonable possibility of being confirmed within a reasonable time and the Debtor had not made the payments required by § 362(d)(3).

On October 7, 2013, the Bankruptcy Court entered the Memorandum of Decision and Order Concerning Creditor's Objection to the "Deemed Substantive Consolidation" Provisions of the Debtor's Proposed Chapter 11 Plan (*id.*, pp. 235-257) (the "Plan Denial Order").  The Bankruptcy Court held that the First Plan "[could not] be confirmed as a matter of law."  (Plan Denial Order, p. 22; Record on Appeal, ECF No. 1, p. 256.)  The Bankruptcy Court also determined that the "deemed substantive consolidation" provision in the First Plan "[would] not lead to confirmation of any plan on behalf of any of the five debtors, and that further proceedings with respect to the Debtor's [First] Disclosure Statement [would be] pointless."  (Plan Denial Order, p. 21; Record on Appeal, ECF No. 1, p. 255.)

The Debtor filed a Notice of Appeal from the Plan Denial Order on October 16, 2013.  (Record on Appeal, ECF No. 1, pp. 307-333.)  The Debtor's appeal was docketed in the District Court for the Northern District of Indiana on November 15, 2013, and assigned the case number 2:13-cv-00411-JVB.  The Bankruptcy Court ruled that the appeal divested the Bankruptcy Court of jurisdiction to rule on the Initial Stay Relief Motion.  (*Id.*, p. 342.)

-3-

While the appeal from the Plan Denial Order was pending, the Debtor filed its First Amended Joint Plan of Reorganization (*id.*, pp. 348-381) (the "Second Plan") on April 25, 2014 – 315 days after the § 362(d)(3) Deadline.  On May 14, 2014, the Debtor filed a Motion to Dismiss its appeal from the Plan Denial Order.  (Record on Appeal, ECF No. 1-1, p. 36).  The District Court dismissed that appeal on May 21, 2014.  (Record on Appeal, ECF No. 1, p. 477.)

On June 9, 2014, MB filed its Request for Final Hearing on Cole Taylor Bank's Motion for Relief From the Automatic Stay and Supplement to that Motion.  (Record on Appeal, ECF No. 1-1, pp. 523-534) (the "Stay Relief Motion Supplement, together with the Initial Stay Relief Motion, the "Stay Relief Motion").  The Debtor filed the Debtor's Response to Bank's Supplement to Stay Life Motion on July 16, 2014.  (*Id.*, pp. 33-251.)

On August 27, 2014, the Bankruptcy Court denied the Stay Relief Motion in the Order.  (*id.*, pp. 270-291) (the "Order").  Notwithstanding the Bankruptcy Court's earlier ruling that the First Plan could not be confirmed and the fact that the Second Plan was not filed before the § 362(d)(3) Deadline, the Bankruptcy Court found that MB could not be granted relief under § 362(d)(3) because both the First Plan and the Second Plan purportedly had a reasonable possibility of being confirmed within a reasonable time.

## SUMMARY OF ARGUMENT

Because neither the First Plan nor the Second Plan satisfied the requirements of §362(d)(3)(A), and the Debtor failed to make monthly interest payments, the Bankruptcy Code required the Bankruptcy Court to grant MB relief from the stay as a matter of law.  Although the First Plan was filed before the § 362(d)(3) Deadline, the Bankruptcy Court had already determined that the First Plan could not be confirmed in the Plan Denial Order.  As such, the First Plan did not have a reasonable possibility of being confirmed.  Even if it did have a reasonable possibility of being confirmed, it could not be confirmed within a reasonable time.  In

-4-

the Order, the Bankruptcy Court acknowledged that it would have taken years for the First Plan to be confirmed. As to the Second Plan, it was not filed before the § 362(d)(3) Deadline. Accordingly, it was not within the Bankruptcy Court's discretion to prolong the automatic stay and it should have granted MB the relief it requested.

### ARGUMENT

I. **The plan of reorganization that the Debtor filed before the § 362(d)(3) Deadline did not have reasonable possibility of being confirmed within a reasonable time.**

Section 362(d)(3)(B) requires a court to grant relief from the automatic stay "unless, not later than the date that is 90 days after the entry of the order for relief (or such later date as the court may determine for cause by order entered within that 90-day period) . . . – (A) the debtor has filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or (B) the debtor has commenced monthly payments…" 11 U.S.C. §362(d)(3)(B). The Debtor did neither of those things.

Although the Debtor's First Plan was filed before the § 362(d)(3) Deadline, the standard under § 362(d)(3) is not whether there is some possibility, however, remote, that a plan might someday be confirmed. The standard is that a plan filed within that period, first, have a *reasonable* possibility of being confirmed, second, within a *reasonable* time. The First Plan had no reasonable possibility of being confirmed because the Bankruptcy Court had already denied confirmation of that plan. Whether or not the "deemed substantive consolidation" provision was the "sole issue" is irrelevant. (Order, p. 11; Record on Appeal, ECF No. 1-1, p. 280.) The relevant fact is that the Bankruptcy Court had denied confirmation and that denial was never reviewed on appeal because the Debtor dismissed its appeal. As a result, Bankruptcy Court's holding that the First Plan was not confirmable is the law of the case. *Creek v. Vill. of Westhaven*, 144 F.3d 441, 445 (7th Cir. 1998) ("The law of the case doctrine is a rule of practice,

based on sound policy and recites that, when an issue is once litigated and decided, that should be the end of the matter.") (internal citations omitted); *Minch v. City of Chicago,* 486 F.3d 294, 301 (7th Cir. 2007) ("[T]he law of the case doctrine embodies the notion that a court ought not to re-visit an earlier ruling in a case absent a compelling reason . . . that warrants re-examination.").

Yet, notwithstanding the Bankruptcy Court's unequivocal conclusion (now law of the case) that the First Plan could not be confirmed as a matter of law, the Bankruptcy Court found that there was a reasonable possibility of the First Plan being confirmed because it somehow reached the conclusion that the First Plan was not patently unconfirmable. In support of that conclusion, the Bankruptcy Court simply asserted that the concept of "reasonable possibility" is "not nearly as strict as most of the canvassed cases deem it to be." (Order, p. 9; Record on Appeal, ECF No. 1-1, p. 278.) Disregarding the law announced in the "canvas cases," the Bankruptcy Court simply chose to equate "reasonable possibility" with "not patently unconfirmable." (Order, p. 10; Record on Appeal, ECF No. 1-1, p. 279.) The Bankruptcy Court's holding cannot be reconciled with the law of the case and the plain language of § 362(d)(3).

The Bankruptcy Court continues to skew the law when it reasons that even if a plan is unconfirmable when filed, it can be amended to fix its defects. (Order, pp. 16-17; Record on Appeal, ECF No. 1-1, pp. 285-286.) This interpretation of the law would gut the requirement that the plan that is filed before the expiration of the time allowed by § 362(d)(3) has a reasonable possibility of being confirmed because a debtor could file any plan, no matter how inadequate, and then amend it later. That would render the time limits in § 362(d)(3) meaningless. To give effect to congressional intent, it must be the plan as filed before the deadline that has to meet the standards of § 362(d)(3).

Moreover, the Bankruptcy Court acknowledged that it "could foreseeably easily have taken as long as several years until it could be determined whether or not the [First Plan] could be confirmed because of legitimate appeal of legitimate issues." (Order, p. 13; Record on Appeal, ECF No. 1-1, p. 282.)  Thus, even if the First Plan had a reasonable possibility of being confirmed, it could not have been confirmed within a reasonable time.

Although, the Debtor's Second Plan did not have the "deemed substantive consolidation" provision, it was not filed until after the § 362(d)(3) Deadline.  The Bankruptcy Court glosses over this fact by discussing whether or not the Second Plan could have survived long enough to get a final confirmation hearing.  Unable to ignore the undisputed fact that the Second Plan was not filed until after the § 362(d)(3) Deadline, the Bankruptcy Court conveniently creates a tolling standard that is not part of the Bankruptcy Code – a standard, indeed, that is directly contrary to the Code. The Bankruptcy Court's decision was based on its findings that the Debtor's Second Plan "was filed within a reasonable time" and that it could have "[gotten] to the point of a final confirmation hearing" within a reasonable time.  (Order, p. 13; Record on Appeal, ECF No. 1-1, p. 282.)  The Bankruptcy Code, in contrast, requires the Bankruptcy Court to grant relief from the automatic stay unless, before the § 362(d)(3) Deadline, the Debtor "*has filed* a plan of reorganization that has a reasonable possibility of *being confirmed* within a reasonable time."  11 U.S.C. § 362(d)(3)(B).  It is the plan that is filed before the § 362(d)(3) Deadline, not some later-filed plan, that must satisfy that test. And that plan must have a reasonable possibility of being confirmed, not merely surviving long enough to get to a hearing.

The Bankruptcy Court created its own legal standards and then found facts to fit those standards. This was error. The Bankruptcy Court should have applied the standards stated in the Bankruptcy Code. The Bankruptcy Court never found that the Debtor filed a plan of

-7-

reorganization within the required time that had a reasonable possibility of being confirmed within a reasonable time. If it had applied the correct standard, it would have had no choice but to find that the Debtor did not meet the requirements of § 362(d)(3).

The Debtor did not make monthly mortgage payments to MB. Consequently, because the Debtor did not file a plan of reorganization before the § 362(d)(3) Deadline that had a reasonable possibility of being confirmed within a reasonable time, the Bankruptcy Court was required to grant relief from the automatic stay. "The unequivocal language of the statute mandates relief from stay in such cases." *NationsBank, N.A. v. LDN Corp. (In re LDN Corp.)*, 191 B.R. 320, 326 (Bankr. E.D.Va. 1996). The Bankruptcy Court's denial of such relief was error and must be reversed.

## II.     The Bankruptcy Court's decision defeats the Congressional purpose for enacting § 362(d)(3).

"[T]he Bankruptcy Code directs speedy resolution of single asset real estate bankruptcies." *In re River East Plaza, LLC*, 669 F.3d 826, 828 (7th Cir. 2012) (citing § 362(d)(3)). "In enacting [§ 362(d)(3)], Congress was apparently concerned about the delay in the bankruptcy process and the resulting unfairness to secured lenders when single asset real estate projects were involved. As stated in the Senate Report, '[t]his amendment will ensure that the automatic stay provision is not abused, while giving the debtor the opportunity to create a workable plan of reorganization'. In enacting the amendments relative to single asset real estate cases, Congress has provided for extraordinary expedition." *In re LDN Corp.*, 191 B.R. at 326 (internal citations omitted).

The Bankruptcy Court disregarded congressional intent to determine single asset real estate cases expeditiously and elected to ignore the clearly delineated time periods and requirements in § 362(d)(3). The Bankruptcy Court decided, with no precedent or other legal

support, that that single asset real estate cases do not need to be resolved quickly and that the purpose of § 362(d)(3) is not, as the Seventh Circuit had declared, the "speedy resolution of single asset bankruptcies," (*In re River East Plaza, LLC*, 669 F.3d at 828), but is only to "winnow out" cases involving debtors with no real prospects for reorganization.  (Order, pp. 6-7; Record on Appeal, ECF No. 1-1, pp. 275-276.)  The Debtor's bankruptcy case has been pending for over 2 years and has been unnecessarily time consuming and costly.  This is precisely the scenario that Congress was trying to control and cannot possibly constitute the "reasonable period of time" that Congress required.

## CONCLUSION

For the reasons set forth herein, this Court should (1) reverse the Bankruptcy Court's denial of the Stay Relief Motion and grant that motion, and (2) grant such other relief as this Court deems appropriate.

Dated:  November 24, 2014                         Respectfully submitted,

MB FINANCIAL BANK, N.A.

By:   /s/ Ronald Barliant

Ronald Barliant (IL ARDC# 0112984)
Prisca Kim (IL ARDC #6306327)
GOLDBERG KOHN LTD.
55 East Monroe Street, Suite 3300
Chicago, Illinois  60603
Telephone: (312) 201-4000
Facsimile:  (312) 332-2196

*Counsel for Appellant*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on November 24, 2014 a copy of the foregoing BRIEF OF APPELLANT MB FINANCIAL BANK, NATIONAL ASSOCIATION was filed with the Clerk of the Court using the CM/ECF system, and was served via the Court's CM/ECF system or via U.S. Mail, postage prepaid, upon the following, as indicated:

*Via CM/ECF Notification:*

- Richard M Bendix , Jr - rbendix@dykema.com
- Maria A Diakoumakis - mdiakoumakis@dykema.com
- Brian P Welch **-** bwelch@craneheyman.com
- David Kerry Welch - dwelch@craneheyman.com

*Via U.S. Mail, postage prepaid:*

David K. Welch
Arthur G. Simon
Jeffrey C Dan, Sr.
Brian P. Welch
Crane Heyman Simon Welch & Clar
135 S LaSalle St Suite 3705
Chicago, IL 60603

Dated:  November 24, 2014        By:     /s/ Ronald Barliant
                                         Ronald Barliant (IL ARDC No. 0112984)
                                         Prisca M. Kim (IL ARDC No. 6306327)
                                         GOLDBERG KOHN LTD.
                                         55 East Monroe Street, Suite 3300
                                         Chicago, Illinois  60603
                                         (312) 201-4000 (telephone)
                                         (312) 332-2196 (facsimile)
                                         ronald.barliant@goldbergkohn.com
                                         prisca.kim@goldbergkohn.com

## ADDENDUM A

**11. U.S.C. § 101(51B):**
The term "single asset real estate" means real property constituting a single property or project, other than residential real property with fewer than 4 residential units, which generates substantially all of the gross income of a debtor who is not a family farmer and on which no substantial business is being conducted by a debtor other than the business of operating the real property and activities incidental thereto.

**11 U.S.C. § 362(d)(3):**
(d)     On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –

  …

  (3)     with respect to a stay of an act against single asset real estate under subsection (a), by a creditor whose claim is secured by an interest in such real estate, unless, not later than the date that is 90 days after the entry of the order for relief (or such later date as the court may determine for cause by order entered within that 90-day period) or 30 days after the court determines that the debtor is subject to this paragraph, whichever is later –

    (A)     the debtor has filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or

    (B)     the debtor has commenced monthly payments that –

      (i)     may, in the debtor's sole discretion, notwithstanding section 363(c)(2), be made from rents or other income generated before, on, or after the date of the commencement of the case by or from the property to each creditor whose claim is secured by such real estate (other than a claim secured by a judgment lien or by an unmatured statutory lien); and

      (ii)     are in an amount equal to interest at the then applicable nondefault contract rate of interest on the value of the creditor's interest in the real estate; or…